579 So.2d 329 (1991)
Calvin Ezell HALL, Appellant,
v.
STATE of Florida, Appellee.
No. 89-1040.
District Court of Appeal of Florida, First District.
May 9, 1991.
*330 Barbara M. Linthicum, Public Defender, and Carl S. McGinnes, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Bradley R. Bischoff, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Appellant challenges his convictions and sentences for second degree murder and grand theft, contending that the trial court reversibly erred in allowing the victim's son to assist the prosecutor at trial, in allowing the State's peremptory challenges of black jurors, in excluding the testimony of an alibi witness, and in imposing a departure sentence. We agree with the first two contentions, reverse the convictions, and remand for a new trial. This disposition moots the remaining issues.
Appellant was charged with first degree murder and armed robbery after he stabbed 77 year old Willie Taylor and took his wallet and truck. Prior to jury selection, defense counsel objected to the fact that the victim's son was sitting with the prosecutor, noting that there was no objection to him being present in the courtroom, which was his legal right. The court overruled the objection, remarking that the "victims' rights" constitutional amendment[1] contemplated "that this type person's presence at all critical stages is different than just a spectator" and that one member of the victim's family may sit at counsel table and assist the prosecutor at trial. The prosecutor then introduced Taylor's son to the jury.
During jury selection, defense counsel pointed out to the court that of the six peremptory challenges used by the State, three were used to challenge black jurors. The court stated:
The Court will find as a matter of fact that the basis for the objection was that the victim's relatives (sic), who is here pursuant to the constitutional amendment, has requested he be excused. And his race is black also. The victim is black and the juror who is being excused is black. The basis for the objection is not anything to do with racial discrimination. It is really because of the victim's family requesting it.
The prosecutor commented, "I would have preferred to keep him." The court did not conduct an inquiry into the State's reasons for peremptorily challenging the other two black jurors.
The jury found appellant guilty of second degree murder and grand theft, lesser included offenses of the charged crimes. The judge sentenced him to life on the murder conviction and placed him on five years probation for the grand theft, to commence if he should be released from his life sentence.
The trial judge reversibly erred in accepting the State's explanation of its peremptory challenge of the third black juror. While prosecutors are free to consult victims or their relatives during selection of a jury, they may not avoid the race neutral criterion for peremptory challenges with the explanation that the relatives made the decisions. The prosecutor must satisfy the court on the record that the family objection was race neutral. There is no explanation in this record why the relative objected. The court also erred in failing to inquire *331 into the other two peremptory challenges of black jurors once the court was satisfied that the issue was properly raised. Thompson v. State, 548 So.2d 198 (Fla. 1989).
We do not construe Article I, section 16(b), of the Florida Constitution to permit victims or their families to actively participate in the conduct of the trial by sitting at counsel table or being introduced to the jury.
REVERSED and REMANDED for a new trial consistent with this opinion.
WIGGINTON, BARFIELD and WOLF, JJ., concur.
NOTES
[1] Article I, section 16(b), Florida Constitution, grants the relatives of victims the right to be "present" at all crucial trial proceedings. The parties differ on the construction of this term.